**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE | § | CASE NO. 20-11509 |
| | § | |
| REGINA BERGLASS HEISLER, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | SECTION A |

### MEMORANDUM OPINION AND ORDER

Before the Court are the following matters: (1) the *Objection to Girod Claim (Number Three) With Incorporated Notice of Hearing* (the "Klein Objection"), [ECF Doc. 116], filed by creditor Henry L. Klein ("Klein"); the Response to the Klein Objection field by Girod Loanco, LLC ("Girod"), [ECF Doc. 153]; and a series of Reply Briefs filed in support of the Klein Objection filed by Klein, [ECF Docs. 156, 158 & 210]; and (2) the Objection to Proof of Claim Number 3 of Girod Loanco, LLC (the "Heisler Objection"), [ECF Doc. 348], filed by the Debtor, Regina Berglass Heisler ("Heisler" or the "Debtor"); and the Response to the Heisler Objection filed by Girod, [ECF Doc. 369].

On June 23, 2021, pursuant to Local Rule 3007-1(E), this Court held a status conference to discuss the Klein Objection and the Heisler Objection. The Court took the matters under advisement to determine whether an evidentiary hearing would be required to resolve both claim objections. [ECF Doc. 377]. The Court also allowed the parties to submit supplemental briefs no later than July 7, 2021. *See id.* On July 7, 2021, Girod filed a Supplemental Brief in Opposition to Objection to Girod's Proof of Claim (the "Girod Supp'l Brief"). [ECF Doc. 385]. Klein also filed multiple supplemental briefs. [ECF Docs. 387–389].

Now, after considering the filings, the record in this case, the arguments of the parties, and applicable law, and for the following reasons, this Court has determined that (1) an evidentiary hearing is not required to resolve the Klein Objection and the Heisler Objection and (2) the Klein

Objection and the Heisler Objection should be OVERRULED and the proof of claim filed by Girod in this case should be allowed in its entirety.[1]

## BACKGROUND

On August 27, 2020, Heisler filed pro se for bankruptcy relief under subchapter V of chapter 11 of the Bankruptcy Code. [ECF Doc. 1]. On the day of filing, a sheriff's foreclosure sale was scheduled to auction a property owned by Heisler located at 836-44 Baronne Street in New Orleans (the "Barone Property"). [ECF Doc. 23]. Although schedules were filed on her behalf,[2] the filing fee was not paid, no creditor matrix was filed, and Heisler did not file a Credit Counseling Certificate as required. On September 9, 2020, this Court issued an Order to show cause against Heisler as to why the case should not be dismissed for those deficiencies. [ECF Doc. 32]. For the reasons stated on the record, this Court converted Heisler's case to one under chapter 7 on September 23, 2020. [ECF Doc. 45].

On October 21, 2020, Girod filed a proof of claim, asserting a total claim amount of $7,869,608.10 against the estate, with $3,904,360.42 of that amount secured by the Baronne

---

[1] These findings of fact and conclusions of law constitute the Court's findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014. To the extent that any of the following findings of fact are determined to be conclusions of law, they are adopted and shall be construed and deemed conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted and shall be construed and deemed as findings of fact.

[2] As discussed further, Klein is an attorney who, until recently, housed his law practice in the Baronne Property and represented Heisler in various state court litigation that preceded this bankruptcy case. Although Heisler, until very recently, proceeded in this Court pro se, it was apparent that Klein filed pleadings on Heisler's behalf during the brief chapter 11 case, and then for some time in the chapter 7 case. Klein was not approved by the Court to represent the Debtor in the chapter 11 case. On November 3, 2020, Klein filed a proof of claim against the estate in the amount of $8 million for unpaid prepetition legal fees. *See* Proof of Claim No. 4. On July 9, 2021, Klein filed into the record a Notice of Amended Proof of Claim Number 4, reducing his claim to $800.00, stating that "if POC-3 [Girod's proof of claim] is not disallowed, there will be nothing left in the Estate," and "the reduction minimizes any perceived conflict-of-interest and should eliminate the need to try the pending Objection to POC-4 as a matter of judicial economy." [ECF Doc. 390]. In July 2021, Heisler retained separate counsel to represent her interests in the chapter 7 case. [ECF Docs. 333 & 396].

Property and funds from a pledged brokerage account. *See* Proof of Claim No. 3 (the "Girod POC").[3] Klein and Heisler objected to that proof of claim.

## DISCUSSION

**A. The Claim Allowance Process and Shifting Burden of Proof**

The claim allowance process is governed by §§ 501 and 502 of the Bankruptcy Code (defining the claims that are allowed and those disallowed) and by Rules 3001 and 3002 of the Federal Rules of Bankruptcy Procedure (prescribing the procedure for adjudicating claims and outlining places and deadlines for filing proofs of claim). A proof of claim is deemed allowed unless a party in interest objects to its allowance. *See* 11 U.S.C. § 502(a). Section 502(b) provides nine enumerated bases upon which to object to a proof of claim. Rule 3001 identifies the information required to be attached to a proof of claim to support a filing creditor's claim. *See* FED. R. BANKR. P. 3001(c) & (d). And, importantly, "Rule 3001 allocates the burden of proof with respect to a proof of claim for which an objecting party has raised an objection that would warrant disallowance under § 502(b)." *In re Today's Destiny, Inc.*, No. 05-90080, 2008 WL 5479109, at *2 (Bankr. S.D. Tex. Nov. 26, 2008).

"A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *See* FED. R. BANKR. P. 3001(f). In accordance with Bankruptcy Rules 3001(c) and (d), Girod attached evidence to its proof of claim that it is the holder and owner of seven promissory notes (account numbers ending in 2434, 6764, 4592, 5119, 3897, 7008 and 6399) (the "Notes") given by Heisler personally and in her capacity as the independent executrix of her late husband's succession and payable to the order of First

---

[3] Girod amended its POC on June 15, 2021, to adjust the amounts claimed.

3

NBC Bank. *See* Girod POC, Addendum & Ex. 1.[4] The repayment of six of the Notes were secured by multiple indebtedness mortgages dated July 29, 2009, on the Baronne Property as well as immovable property located at 4041 Williams Boulevard in Kenner, Louisiana (the "Williams Property"), as well as the leases and rents of those properties (the "Mortgages & Assignments"). *See* Girod POC, Addendum & Ex. 1. The repayment of the seventh Note was secured by funds from the pledged brokerage account (the "Schwab Fund"). *See* Girod POC, Addendum & Exs. 6–7. Girod also attached evidence of its perfection of its security interests. *See* Girod POC, Addendum & Exs. 1 & 2.

Because Girod has complied with Bankruptcy Rule 3001 in executing and filing its proof of claim, the Girod POC is entited to prima facie validity. *See* FED. R. BANKR. P. 3001(f). "If a proof of claim has prima facie validity, the objecting party must produce sufficient evidence to overcome the proof of claim's prima facie validity." *In re Today's Destiny, Inc.*, 2008 WL 5479109, at *4 (citing 11 U.S.C. § 502(a); *In re Armstrong*, 320 B.R. 97, 102–03 (N.D. Tex. 2005)). "The objecting party must put forth evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id*. (internal quotations and citations omitted). Thus, "[m]ere allegations, unsupported by evidence, are insufficient to rebut the [claimant's] prima facie case." *Toma Steel Supply, Inc. v. TransAmerican Natural Gas Corp. (In re TransAmerican Natural Gas Corp.)*, 978 F.2d 1409, 1416 (5th Cir. 1992).

---

[4] On Friday, April 28, 2017, the Louisiana Office of Financial Institutions closed FNBC and the Federal Deposit Insurance Corporation ("FDIC") was named Receiver. *See Failed Bank Information*, FED. DEPOSIT INS. CORP., https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/firstnbc.html (last visited August 11, 2021). Thereafter in November 2017, Girod acquired the notes from the FDIC.

Both Kline and Heisler object to the Girod POC, asserting essentially the same argument: both argue that, although Heisler executed the Notes and granted the Mortgages & Assignments, Girod's Notes, Mortgages & Assignments are nevertheless unenforceable due to a lack or failure of consideration. [ECF Docs. 116 & 348]. Klein also asserts that (i) the Rooker-Feldman Doctrine does not apply to prevent this Court from considering these arguments because no final judgments exist that resolve the issue of Girod's right to foreclose or otherwise collect under the Notes, Mortgages & Assignments and (ii) this Court has the ability to permit a collateral attack on a foreclosure judgment under *Vance v. Federal National Mortgage Association*, 235 So.3d 1263, 1268 (La. App. 5 Cir. 2017), in which that court described a state law exception that allows an action to challenge a foreclosure sale where there are "fundamental" defects in the sale proceeding that are "substantive in character and strike at the foundation of the executory process." [ECF Docs. 156 & 210].[5]

As discussed below, however, all of the arguments made by Klein and Heisler have been made before in the context of numerous state court actions regarding Girod's ability to enforce the Notes, Mortgages & Assignments. For the reasons that follow, the Court finds that Klein and Heisler have not satisfied their burden of negating the prima facie validity of the Girod POC with substantial evidence.

---

[5] To say that Klein's papers and legal arguments are opaque is an understatement. What is clear, however, is that he makes several accusations of corruption against the state court judge who adjudicated the prepetition foreclosure proceedings, as well as against opposing counsel and even the FDIC. The Court disregards such baseless and summary statements.

**B. The State Court Orders Are Res Judicata to the Arguments Klein and Heisler Make Now To Object to the Girod POC**

Heisler's failure to repay the amounts due under the Notes spurred numerous and lengthy proceedings in state court prior to her bankruptcy filing. Klein represented Heisler and her late husband's succession in all of the state court litigation.

*1. The Foreclosure Action*

After Heisler defaulted on her repayment obligations under the Notes, and relevant here, in March 2019, Girod initiated foreclosure proceedings via executory process in the 24th Judicial District Court to foreclose on the Baronne Property and the Williams Property (the "Foreclosure Action"). *See* Girod POC, Addendum & Ex. 1. Heisler asserted in the Foreclosure Action that Girod's Notes, Mortgages & Assignments were unenforceable because she received no funds from the loans. [ECF Doc. 385, Ex. B]. On June 21, 2019, the presiding state court judge issued an Order for Writ of Seizure and Sale (the "Seizure Order"), commanding the Sheriffs of the relevant parishes to seize and sell the Williams Property and the Baronne Property. *See* Girod POC, Addendum & Ex. 3. On October 9, 2019, the Williams Property was sold; Girod received approximately $2 million in net proceeds from the sale and applied those proceeds to Heisler's outstanding debt. *See* Girod POC, Addendum & Exs. 4–5.

The Baronne Property had been seized, but the sale of that property was interrupted when Heisler removed the Foreclosure Action to federal district court; that court remanded the case and awarded Girod costs and attorney's fees for the improper removal. *See Girod LoanCo, LLC v. Heisler*, No. 19-1150 (E.D. La. Dec. 23, 2019). Upon remand, the sale was delayed due to the effects of the pandemic, but was set to proceed on August 27, 2020, the day Heisler filed her petition in this Court.

6

The state court's Seizure Order is a final judgment for res judicata purposes. *See Jackson v. Bank of Am., N.A.*, No. 13-5795, 2013 WL 6185037, at *2 (E.D. La. Nov. 26, 2013) (citation omitted). To determine whether the Seizure Order precludes Heisler and Klein from pursuing litigation against Girod on the basis of lack of consideration for the Notes, this Court must find that

> (1) the judgment in the executory process lawsuit is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the present suit existed at the time of the final judgment; and (5) the cause or causes of action asserted in the present petition arose out of the same transaction or occurrence that was the subject matter of the executory process lawsuit.

*Id*. (citations omitted). Here, no one disputes that the Seizure Order is valid. And although Klein contests the finality of the Seizure Order, Heisler did not avail herself of either of the methods of objecting to an executory process proceeding under Louisiana law. *See* LA. CODE CIV. PROC. art. 2642. Further, this Court issued an Order on January 19, 2021, [ECF Doc. 174], holding the Klein Objection to the Girod POC in abeyance pending the Louisiana Supreme Court's ruling on three writs, one of which concerned the Foreclosure Litigation, in which Klein advanced the same arguments as he has made in this Court regarding the lack of consideration for the loans and arguments under *Vance v. Federal National Mortgage Association*, 235 So.3d 1263 (La. App. 5 Cir. 2017), [ECF Doc. 53-1]. The Louisiana Supreme Court denied those writs on January 20, 2021. [ECF Doc. 207-1]. Klein, on behalf of Heisler, also filed a Petition for Certiorari in the United States Supreme Court on the same issues, which was also denied, [ECF Docs. 237, 330 & 340]. Thus, the Seizure Order is a final order.

The parties are also the same. Klein acted as Heisler's attorney and agent in all state court actions, including the Foreclosure Action. *See United Gen. Title Ins. Co. v. Casey Title, Ltd.*, 800 So.2d 1061, 1067 (La. App. 5 Cir. 2001). Next, the defenses to the Foreclosure Action that Klein

and Heisler now assert were available to them during the Foreclosure Action—and they made those arguments in the Foreclosure Action. [ECF Doc. 385, Ex. B]. Finally, the arguments they seek to make here to dispute the Girod POC arise out of the same transaction or occurrence as the Foreclosure Action; indeed, the result of the Foreclosure Action forms in part the basis for the Girod POC.

Based on that analysis, the Court finds that the Seizure Order is res judicata as to, and thus bars, the arguments presented by Klein and Heisler in their objections to the Girod POC.

    2. *The Concursus Action and the Dec Action*

In May 2018, Charles Schwab & Co. filed a concursus action in the Civil District Court for the Parish of New Orleans ("CDC") to determine ownership of the funds in the Schwab Fund (the "Concursus Action"). The state court granted summary judgment to Girod, finding that it possessed the superior clam to the funds and entered a final judgment. *See* Girod POC, Addendum & Exs. 6 & 7.

After receiving an adverse judgment in the Foreclosure Action, Heisler sued Girod in a separate lawsuit in CDC, seeking a declaration that all of the Notes were void and unenforceable (the "Dec Action"). The court in that case granted Girod's motion for lis pendens, and dismissed the Dec Action in its entirety. [ECF Doc. 252 & Ex. 1]. Klein acknowledged on the record in this Court that the arguments that he and Heisler are advancing here—that Girod cannot enforce the Notes and mortgages because there was no consideration given—are the same defenses they used in the Concursus Action and the Dec Action and asserted in the writs considered and denied by the Louisiana Supreme Court, as well as the United States Supreme Court. *See* Hr'g Tr. 23:15–26:24 (Jan. 6, 2021).

Using the analysis described above and for the same reasons, this Court finds that the state court orders in the Concursus Action and the Dec Action are res judicata as to the arguments presented by Klein and Heisler in their objections to the Girod POC. Those orders are valid and final. The parties are the same and the defenses to the Concursus Action and the Dec Action that Klein and Heisler now assert were available to them and advanced during the course of those Actions. Lastly, the arguments they seek to make here to dispute the Girod POC arise out of the same transaction or occurrence as the Concursus Action and the Dec Action. *See Jackson v. Bank of Am., N.A.*, No. 13-5795, 2013 WL 6185037, at *2 (E.D. La. Nov. 26, 2013) (citation omitted).

**C. Klein and Heisler Are Not Entitled to an Evidentiary Hearing**

An objection filed to a proof of claim initiates a "contested matter" under Bankruptcy Rule 9014. *See In re Gilbreath*, 395 B.R. 356, 365 (Bankr. S.D. Tex. 2008) (citing *In re Cloud*, No. 99-51109, 2000 WL 634637, at *2 (5th Cir. 2000)). But that does not mean an evidentiary hearing is required to resolve the matter. Unlike adversary proceedings which are governed by Part VII of the Bankruptcy rules, "contested matters are subject to the less elaborate procedures specified in Bankruptcy Rule 9014." *In re TransAmerican Natural Gas Corp.*, 978 F.2d, 1409, 1415 (5th Cir. 1992). "Nothing in the plan language of Bankruptcy Rule 9014 suggests that the hearing on an objection to claim must be an evidentiary hearing." *In re Nelson*, 621 B.R. 542, 560 (B.A.P. 1st Cir. 2020). Indeed, "the concept of notice and a hearing is flexible and depends on what is appropriate in the particular circumstance." *In re Irasel Sand, LLC*, 69 B.R. 433, 439 (Bankr. S.D. Tex. 2017) (quoting *In re Tennant*, 318 B.R. 860, 870 (9th Cir. 2004)); *see also* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" as "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate under the particular circumstances").

Here, there are no material factual issues to resolve that require an evidentiary hearing. This Court finds that the Orders issued by the various state courts in the Foreclosure Action, the Concursus Action, and the Dec Action are res judicata, which bars Klein and Heisler from raising the arguments they asserted in those actions regarding Girod's right to execute on the Notes and mortgages here in the context of their objections to the Girod POC. This Court is prohibited from sitting in appellate review of state court decisions or modifying or reversing state court judgments. *See Matter of Reitnauer*, 152 F.3d 341, 343 (5th Cir. 1998) (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 482 (1983)). Therefore, this Court will not allow Klein and Heisler to use an evidentiary hearing in this Court to launch a collateral attack on any of the state court final orders.

## CONCLUSION

For the foregoing reasons, this Court OVERRULES the Klein Objection and the Heisler Objection and ALLOWS the Girod POC, as amended, in its entirety.

New Orleans, Louisiana, this 13th day of August, 2021.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE