# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO: 20-11509 |
| REGINA BERGLASS HEISLER, | § § | CHAPTER 7 |
| DEBTOR. | § § § | SECTION A |

## ORDER AND REASONS ON OBJECTION TO CLAIM

Before the Court is the *Objection to Claim No. 4 of Claimant Henry L. Klein* (the "Objection"), [ECF Doc. 211], filed by Girod Loanco, LLC, ("Girod"), the *Response* filed by the Debtor, [ECF Doc. 260], and the *Response* filed by Henry L. Klein, [ECF Doc. 317]. For the reasons below, the Court **SUSTAINS** the Objection and **ORDERS** that Proof of Claim Number 4 filed by Henry L. Klein (the "Claimant") is disallowed and expunged in its entirety.

## DISCUSSION

Proof of Claim No. 4 filed by the Claimant asserts a claim for unpaid prepetition legal fees against the Debtor's estate in the amount of $800,000. Giord objected to that Proof of Claim, asserting that the claim is not enforceable against the estate of Regina Heisler because (1) "the documents attached to the Claim show that [Claimant's] demand for payment arises from services he provided to himself, individually, and to a limited partnership he controls, Levey Gardens Partners 2007, LP" and (2) "the Claim fails to include any of the documentary evidence necessary to prove a right to recover attorneys' fees from a debtor in the Fifth Circuit." Objection, ¶¶ 13–14. Girod further asserted that "the demand for payment . . . far exceeds the reasonable value of any legal services provided to the Debtor, particularly since all of the supporting documentation

memorializes that the legal services identified in support of the Claim were all provided to non-debtors." *Id.* ¶ 15.

Pursuant to Federal Rule of Bankruptcy Procedure 3001(a), a proof of claim must conform substantially to the appropriate "Official Form." FED. R. BANKR. P. 3001(a). If the claim is based on a writing, the original or a duplicate thereof must be filed with the proof of claim. FED. R. BANKR. P. 3001(c)(1). If a creditor asserts a security interest in property of a debtor, a creditor must file a proof of claim with evidence the security interest has been perfected. FED. R. BANKR. P. 3001(d). A trustee or a party in interest, including a debtor, may object to a claim. FED. R. BANKR. P. 3007; 11 U.S.C. §§ 502, 704(5), 1302.

Failure to provide the required information does not itself constitute a ground for disallowance of a claim. *See In re Brunson*, 486 B.R. 759, 769 (Bankr. N.D. Tex. 2013). But when an objection to the allowance of a claim is made or other litigation arises concerning the status or treatment of a claim, if the holder of that claim has not complied with the requirements of this subdivision, the court may preclude it from presenting as evidence any of the omitted information, unless the failure to comply with this subdivision was substantially justified or harmless. FED. R. BANKR. P. 3001(c)(2)(D).

Upon considering the Proof of Claim and the Objection, on March 24, 2021, the Court allowed the Claimant an opportunity to satisfy deficiencies in the documentation required under Bankruptcy Rule 3001 and instructed the Claimant to amend his proof of claim to provide supporting documents for his claim no later than April 21, 2021. On April 20, 2021, the Claimant filed the Response and attached as support for his claim against the estate a letter dated November 29, 2018. [ECF Doc. 317-1]. The letter, addressed to the Debtor, states that he is the appointed attorney for the succession of the Debtor's late husband, that he is writing in that capacity, and that

he is owed "substantial fees and distributions" in connection with that representation. [ECF Doc. 317-1]. Thus, the evidence submitted by the Claimant does not support his claim that he performed prepetition legal services for the Debtor and cannot support a claim for unpaid legal fees against the Debtor's bankruptcy estate. Accordingly,

**IT IS ORDERED** that the Objection is **SUSTAINED.**

**IT IS FURTHER ORDERED** that Proof of Claim Number 4 filed by Claimant Henry L. Klein is **DISALLOWED** and expunged in its entirety.

**IT IS FURTHER ORDERED** that counsel for Girod shall serve this Order on the required parties who will not receive a copy through the ECF system pursuant to the FRBP and the LBRs and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, November 4, 2021.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE