**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | § | |
|---|---|---|
| IN RE: | § | CASE NO: 20-11509 |
| | § | |
| REGINA BERGLASS HEISLER, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | SECTION A |
| | § | |

**MEMORANDUM ORDER AND OPINION**

On November 9, 2021, the Court issued an Order, [ECF Doc. 456], granting the *(I) Motion To Hold Henry L. Klein and Regina B. Heisler in Contempt For Violating This Court's Orders, (II) Motion in Aid of Administering the Concursus Funds, and (III) Motion To Reinstate the Automatic Stay as it Applies to the Concursus Funds with Incorporated Memorandum* (the Trustee's Motion), [ECF Doc. 425], filed by Wilbur J. Babin Jr., the chapter 7 trustee (the "Trustee"). In that Order, the Court set an evidentiary hearing for December 15, 2021, at 3:30 P.M. to determine the quantum of the sanctions, if any, to be assessed against Henry L. Klein and Regina B. Heisler. The Court continued the evidentiary hearing to Tuesday, February 22, 2022, at 2:00 P.M. [ECF Doc. 523].

After the close of evidence at the hearing, the Court took the matter under submission. *See* Hr'g Tr. 57:7–57:24 (Feb. 22, 2022) [ECF Doc 534]; *see also* ECF Doc. 524 (minute entry). Henry Klein submitted post-trial briefs, [ECF Docs. 527 & 528], Girod Loanco, LLC ("Girod"), submitted a response, [ECF Doc. 533], and Klein filed a reply brief, [ECF Doc. 535]. The Court later granted the Trustee leave to file a response to Klein's post-trial briefs. [ECF Docs. 540 & 546].

While the Court had taken that contested matter under submission, Girod filed a *Motion for Contempt and Sanction Against Henry L. Klein with Incorporated Memorandum in Support*

("Girod's Motion"), [ECF Doc. 548]. Klein filed an opposition to Girod's Motion. [ECF Doc. 551]. On May 27, 2022, the Court held a hearing on Girod's Motion. The Court took the matter under advisement, and also explained that the Court would take Girod's Motion under submission and combine it with the matters previously taken under submission. *See* Hr'g Tr. 5:7–5:14 (May 25, 2022) [ECF Doc 558].

As stated above, the Court has already found Klein to be in contempt of this Court's orders. The sole issue to be decided is the quantum, if any, owed to the Trustee. That said, a brief background is important to understand the context in which this matter arises. The above-captioned bankruptcy case was originally filed as a chapter 11 case, but was quickly converted to a chapter 7 for the reasons stated in in the *Order Converting Case to Chapter 7*. [ECF Doc. 51]. After conversion, the Trustee was appointed to administer the bankruptcy estate. Nevertheless, Klein went to great lengths to hinder, impede, and delay the bankruptcy proceedings, resulting in the increase of administrative expense costs which drained recovery to creditors. [ECF Doc. 456]; *see generally* Hr'g Tr. 2:8–22:20 (November 3, 2021) [ECF Doc 455]; Trustee Ex. 6, 8, 9, 10, 11, 12, 13 (Exhibits to ECF Doc. 425).

Based upon the admitted evidence, applicable state and federal law, and the record in this case, the Court makes the following findings of fact and conclusions of law pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure.

## FINDINGS OF FACT[1]

1.  Defending meritless litigation is not without cost. The Trustee introduced numerous exhibits demonstrating the volume of frivolous filings and collateral attacks on this Court Order that the Trustee and Girod were forced to defend, including:

    a) *Petition for Nullity of Alleged Judgments*, filed by Henry Klein in the Civil District Court for the Parish of Orleans on April 22, 2021. *See* Trustee Ex. 1.

    b) *Objection to Hearings and Peremptory Exception of Failure To Join the Honorable Chelsey Richard Napoleon, Clerk of Court and Custodian of the $2.1 Million at Issue*, filed by Henry Klein in the Civil District Court for the Parish of Orleans in July 2021. *See* Trustee Ex. 6.

    c) *Motion To Maintain Status Quo Pending Rulings in Federal Court,* filed by Henry Klein in the Civil District Court for the Parish of Orleans in August 2021. *See* Trustee Ex. 9.

    d) *Expedited Motion To Vacate Order Substituting Wilbur Babin for Regina Heisler* Ex Parte, filed by Henry L. Klein in the Civil District Court for the Parish of Orleans in August 2021. *See* Trustee Ex. 10.

    e) *Motion To Rank Request for Vacatur Prior To Rendering Judgment on Distribution of Funds in the Registry of the Court*, filed by Henry Klein in the Civil District Court for the Parish of Orleans on August 27, 2021. *See* Trustee Ex. 11.

    f) *Motion To Set Outstanding Matters Expeditiously*, filed by Henry Klein in the Civil District Court for the Parish of Orleans on September 24, 2021. *See* Trustee Ex. 12.

    g) *Motion for New Trial, For Nullity of Order To Disburse $2,054,360 to Non-Party and For an Order Disbursing the Registry to Regina Heisler*, filed by Henry L. Klein in the Civil District Court for the Parish of Orleans on September 27, 2021. *See* Trustee Ex. 13.

    h) *Motions In Limine Regarding October 13, 2021 Hearings*, filed by Henry L. Klein in the Civil District Court for the Parish of Orleans on or around October of 2021. *See* Trustee Ex. 15.

    i) *Notice of Filing in the Supreme Court of the United States*, filed by Henry L. Klein in the Civil District Court for the Parish of Orleans. *See* Trustee Ex. 17.

---

[1] To the extent that any of the following findings of fact are determined to be conclusions of law, they are adopted and shall be construed and deemed conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted and shall be construed and deemed as findings of fact.

3

j) *Expedited Consideration Requested Emergency Stay Requested Tenth Amendment Issue Belatedly Raised*, filed by Henry L. Klein in the Louisiana's Fourth Circuit Court of Appeals on October 21, 2021. *See* Trustee Ex. 18.

2. As instructed by the Court, the Trustee and Girod introduced invoices into evidence to show the legal fees and costs that they incurred in responding to Klein's filings across multiple courts. *See* Hr'g Tr. 39:19–41:8 (Feb. 22, 2022) [No. 20-11509, ECF Doc 534]; *see also* Trustee Ex. 27 & 28.

3. The first set of invoices is from the law firm of Kean Miller, LLP ("Kean Miller"). *See* Trustee Ex. 27. This invoice had an accompanying declaration from attorney Eric Lockridge ("Lockridge"). *See id*. The declaration explains that Lockridge is a partner at Kean Miller. *Id*. Lockridge was also lead counsel for Girod in the above-captioned bankruptcy case. *Id*. Lockridge was the billing attorney, making him responsible for reviewing pre-bills and creating invoices for professional services provided by Kean Miller to Girod. *Id*. Lockridge's declaration attested to the fact that the invoices attached within Exhibit 27 were a true and accurate reflection of the fees and expenses incurred by Girod for professional services provided by Kean Miller between April 1, 2021, and October 31, 2021. *Id*.

4. The time entries show that Girod incurred $19,281 in fees for 65.9 hours of attorney and paralegal time. The total costs Girod incurred were $856.02. *See id*.

5. The second set of invoices is from the Derbes Law Firm, who served as counsel to the Trustee. The time entries show that the Trustee incurred $11,813.75 in attorneys' fees for 37.2 hours worked between June 22, 2021, and January 25, 2022. *See* Trustee Ex. 28.

## CONCLUSIONS OF LAW

**A. Attorneys' Fees and Costs are the Proper Sanction For Henry L. Klein.**

This Court has a statutory grant of authority under § 105(a) of the Bankruptcy Code "to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition to granting broad power to implement provisions of the Bankruptcy Code, § 105(a) "has been interpreted as supporting the inherent authority of the bankruptcy courts to impose civil sanctions for abuses of the bankruptcy process." *In re Carroll*, 850 F.3d at 816 (quoting *Walton v. LaBarge, Jr. (In re Clark)*, 223 F.3 859, 864 (8th Cir. 2000) *Friendly Fin. Discount Corp. v. Tucker (In re Tucker)*, No. 99-31069, 2000 WL 992448, at *3 (5th Cir. June 28, 2000)); *see also In re Tabor*, 583 B.R. 155, 177 (Bankr. N.D. Ill. 2018) (citing *In re Volpert*, 110 F.3d 494, 500 (7th Cir. 1997)).

Included in that grant of authority is the power to assess attorneys' fees against both attorneys and litigants who engage in abusive litigation practices or in bad-faith conduct. *See Chambers v. NASCO*, Inc., 501 U.S. 32 45–46 (1991); *Roadway Express, Inc., v. Piper*, 447 U.S. 752, 765 (1980). A party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978). "The 'less severe sanction' of an assessment of attorney's fees is undoubtedly within a court's inherent power." *Chambers*, 501 U.S. at 45 (citing *Roadway Express, Inc.*, 447 U.S. at 765). "Where the Court concludes 'that the very temple of justice has been defiled . . . [or when a party] shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order,' then the Court may invoke its inherent powers." *Skyport Global Commc'ns, Inc. v. Intelsat Corp. (In re Skyport Global Commc'ns, Inc.)* 408 B.R. 687, 695 (Bankr. S.D. Tex. 2009) (quoting *Chambers*, 501 U.S. at 46). Although the Court's inherent powers are typically exercised when conduct is not

5

subject to discipline under statutes or rules, "neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the [r]ules." *Chambers*, 501 U.S. at 50.

Accordingly, the Court concludes that attorneys' fees and costs are the appropriate measurement of sanctions in this matter.

**B. Lodestar Governs the Calculation of Attorneys' Fees.**

"Once a court orders that a party must pay reasonable fees and expenses as a sanction, the lodestar analysis is then used to determine the proper amount of fees 'by multiplying the reasonable number of hours expended in defending the suit by the reasonable hourly rates for the participating. *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL NO. 2179, 2021 WL 4192060, at *2 (E.D. La. Sept. 15, 2021) (quoting *Skidmore Energy v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006)). "In determining the fee award, the court should exclude all time that is excessive, duplicative, or inadequately documented." *Id*. (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)).

"Under the lodestar method, a court first determines the compensable hours billed and then calculates a reasonable hourly rate for the compensable services." *In re Cmty. Home Fin. Servs., Inc.*, 571 B.R. 702, 711 (Bankr. S.D. Miss. 2017) (citing *Black v. SettlePou, P.S.*, 732 F.3d 492, 502 (5th Cir. 2013)); *see also Rodriguez v. Countrywide HomeLoans, Inc. (In re Rodriguez)*, 517 B.R. 724, 731 (Bankr. S.D. Tex. 2014) (finding that to tally the lodestar number, courts multiply "the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community" (citation omitted)). A court may then adjust the lodestar number up or down depending upon the presence or absence of the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) (assessing reasonableness

of attorneys' fees under § 706(k) of Title VII of the Civil Rights Act of 1964), *abrogated on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989). *See In re Cahill*, 428 F.3d 536, 539–41 (5th Cir. 2005) (applying the Johnson factors in a bankruptcy context); *In re Harris-Nutall*, 572 B.R. 184, 197 (Bankr. N.D. Tex. 2017) (same); *In re New Towne Dev. Grp., L.L.C.*, No. 09-10029, 2010 WL 1451480, at *2 (Bankr. M.D. La. Apr. 9, 2010) (same); *In re Energy Partners, Ltd.*, 422 B.R. 68, 90 (Bankr. S.D. Tex. 2009) (same). But "[t]he lodestar method is presumed to account for four of the twelve Johnson factors—the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from litigation." *In re Rodriguez*, 517 B.R. at 730.

The Fifth Circuit affords courts considerable discretion in awarding attorneys' fees. *See Transamerican Natural Gas Corp. v. Zapata P'ship, Ltd. (In re Fender)*, 12 F.3d 480, 487 (5th Cir. 1994).

The Court has reviewed each of the time entries and descriptions of costs incurred that are contained in the invoices admitted into evidence. Applying the lodestar test here, the Court finds that Trustee and Girod are entitled to be compensated for all of the hours of services billed and costs incurred in the invoices. Even for an experienced practitioner, litigating against an attorney that flouts basic rules of professional conduct creates novelty and complexity where it might not exist otherwise. Likewise, the fees themselves are reasonable as the Trustee and Girod were forced to defend and re-explain the facts and law of the case in numerous forums—all due to Klein's willingness to collaterally attack this Court's orders and file pleadings that he had no authority to file. The rates of the attorneys at the Derbes Law Firm and Kean Miller are reasonable, and fall well within the range this Court routinely approves. Finally, the Derbes Law Firm and Kean Miller were successful throughout their litigation.

The Court further notes that Klein did not object to the reasonableness of the fees requested. Accordingly,

**IT IS ORDERED** that the Trustee's Motion is **GRANTED** to the extent it asks for sanctions pursuant to the finding of contempt already made by this Court, [ECF Doc. 456].

**IT IS FURTHER ORDERED** that Girod's Motion is **GRANTED in PART and DENIED in PART**. To the extent Girod's Motion requests that the Court find Henry L. Klein in contempt, Girod's Motion is **DENIED as MOOT**. To the Extent that Girod's Motion seeks sanctions for the contempt already found, [ECF Doc. 456], Girod's Motion is **GRANTED**. *See* Hr'g Tr. 5:7–5:14 (May 25, 2022) [ECF Doc 558].

**IT IS FURTHER ORDERED** that monetary sanctions are assessed against Henry L. Klein for attorneys' fees of in the amount of $31,094.75 and costs of $856.02 for a total amount of $31,950.77. This amount shall be appropriated as follows:

1. The amount of $20,137.02 shall be payable to Girod's bankruptcy counsel, Kean Miller, LLP, 400 Convention Street, Suite 700 P.O. Box 3513 (70821-3513), Baton Rouge, LA 70802.

2. The amount of $11,813.75 shall be made payable to the Trustee's bankruptcy counsel, The Derbes Law Firm, 3027 Ridgelake Drive Metairie, LA 70002.

**IT IS FURTHER ORDERED** that Henry L. Klein shall make the above sums payable within thirty days of this Order by mailing via commercial courier or hand-delivering certified funds to the respective counsel.

**IT IS FURTHER ORDERED** that the Court will hold a hearing on **Tuesday, May 23, 2023, at 1:00 P.M. in person** before the undersigned at the United States Bankruptcy Court, Eastern District of Louisiana, 500 Poydras Street, 7th Floor, New Orleans, Louisiana, 70130 **or**

**by teleconference (Dial-in 504-517-1385, Conference Code 129611)**. The parties are directed to this Court's Amended General Order 2021-2 for instructions regarding this Court's hybrid model plan for conduct of hearings as of October 4, 2021 (https://www.laeb.uscourts.gov/).

      **IT IS FURTHER ORDERED** that counsel for the Trustee shall serve this Order via first-class U.S. Mail on the required parties who will not receive a copy through this Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure and this Court's Local Rules and file a certificate of service to that effect within three (3) days.

      New Orleans, Louisiana, March 28, 2023.

                                                                     MEREDITH S. GRABILL
                                          UNITED STATES BANKRUPTCY JUDGE